IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| PATRICIA BARTON, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:23-cv-3149-AT |
| APRIA HEALTHCARE LLC, | |
| Defendant. | |

## **ORDER**

Before the Court are Defendant's Motion to Compel Alternative Dispute Resolution and Stay Proceedings [Doc. 5] and its Motion to Stay Discovery [Doc. 6]. Plaintiff has not responded to the motions.

In this case, Plaintiff alleges breach of contract, negligence, and negligence per se claims in connection with respiratory complications she experienced after using Defendant's produce, a Home Oxygen Concentrator, and after Defendant allegedly failed to service the product despite multiple calls from Plaintiff. (*See generally* Doc. 1-1.) In her Complaint, Plaintiff acknowledges that she received a "Sales, Service, and Rental Agreement" ("The Agreement") in connection with her use of the Home Oxygen Concentrator. (*Id.* ¶ 7.)

Defendant relies on and attaches this Agreement (signed by Plaintiff) in support of the instant motions. The Agreement provides that "The Company and I . . . hereby agree to arbitrate all disputes between us . . . (*See* Doc. 5-2 at ECF 21.)

The arbitration agreement covers "any dispute arising out of or relating to any aspect of the relationship between the Company and the patient, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory." (*Id.*)

Based on the apparent breadth of the arbitration provision in the Agreement, as well as Plaintiff's lack of response, the Court must enforce the Agreement and order this matter to arbitration. Accordingly, for the reasons stated in Defendant's briefing, Defendant's Motion to Compel ADR and Stay Proceedings [Doc. 5] is **GRANTED**. Therefore, this case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of the arbitration.[1] The parties are **DIRECTED** to inform the Court of any such outcome within 10 days thereof. In light of the Court's granting of Defendant's Motion to Compel and administrative closure, Defendant's Motion to Stay Discovery [Doc. 6] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 24th day of August, 2023.

_____
**Honorable Amy Totenberg**
**United States District Judge**

---

[1] Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.